UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA ROBBEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CV389 JCH |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| SOCIAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Linda Robben for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### Rule 12(h)(3)

Rule 12(h)(3) of the Federal Rules of Civil Procedure states: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, the Social Security Act, and federal criminal law.  Named as defendants are the Missouri Department of Social Services, Children's Division; the Missouri Alliance Permanency Program; Frankie Crouppen Thiel (Great Circle Case Worker); Michael Burton (State Court Judge); Laura Sidel (Guardian Ad Litem, Child Protective Services, St. Louis Family Court); Brian Dowd (DJO); Marlena Webster (DJO); Julie Kezele (Adoption Specialist, DJO); Carl Seltzer (Attorney, Legal Services of Eastern Missouri); Brian Seltzer (Attorney for DJO); Ard Sharol (Supervisor, Great Circle); Pamela Jaudes (Director, Great Circle); Kimberly Mendes (Foster Parent); Child Protective Services; Edgewood Children's Center (A Great Circle Agency); Susan Block; Sarah Ballard (Missouri Department of Social Services, Children's Division); and Emma Fizgerald (same).

Plaintiff alleges that she is the maternal grandmother of minors V.F. and A.M. Plaintiff claims that on March 13, 2012, the St. Louis County Family Court intends to terminate the children's mother's parental rights.  Plaintiff says that the children are in foster care at this time, and she states that the children will be adopted by foster parents.  Plaintiff believes that she should have the first right to adopt the children under federal law.  Plaintiff maintains that the defendants have violated her and the children's civil rights during state court proceedings, because defendant Burton has

determined that it is not in the best interest of the children for plaintiff to adopt them. Plaintiff avers that the children's guardians ad litem have failed to fulfill their duties under state law. Plaintiff claims that the other defendants have lied during court proceedings by stating that plaintiff was unfit to adopt the children for various reasons. Additionally, plaintiff seeks a temporary restraining order directing the state court not to terminate the mother's parental rights.

## Discussion

"It is well established that standing is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." City of Clarkson Valley v. Mineta, 495 F.3d 567, 569 (8th Cir. 2007). "[S]tanding is a threshold inquiry that eschews evaluation on the merits." Id. (citation and quotations omitted). "This 'threshold inquiry' normally requires an evaluation of (1) injury [in fact], (2) causation, and (3) redressability." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). "[T]he 'injury in fact' test requires . . . that the party seeking review be himself [or herself] among the injured." Lujan, 504 U.S. at 563. "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. at 561. Plaintiff has failed to establish that she has suffered an "injury in fact" because she has failed to demonstrate that she has suffered a federally recognized injury. Plaintiff is not the legal guardian of the minors. The state proceedings relate strictly to the mother and

the minors. Although plaintiff seeks to intervene in the matter, she has no constitutional or federal statutory right to become the children's legal guardian. And plaintiff has no right to enforce the civil rights of the minors or their mother in federal court. See id. at 563; see also 28 U.S.C. § 1654 (pro se parties may not represent others in federal court). As a result, plaintiff lacks standing to bring this suit, and this case must be dismissed for lack of jurisdiction.

Moreover, the Court notes that pursuant to the "domestic relations exception," federal courts are divested of jurisdiction over any action in which the subject is divorce, the allowance of alimony, or child custody. Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994). "[W]hen a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." Id. Thus, the "domestic relations exception" would divest this Court of jurisdiction over plaintiff's complaint, even if she did have standing to bring this action. Plaintiff's claims are drafted to sound in tort, and they are either directly related to or are so interwoven with state child protection proceedings that subject matter jurisdiction does not lie with this Court.

Finally, while plaintiff purports to bring this action under federal law, she has not articulated any federal claims. The complaint sounds entirely in state law. And the Court lacks jurisdiction over the complaint for this reason as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] and motion for a temporary restraining order [Doc. 5] are **DENIED** as moot.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of March, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE